UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

REGINALD L. DUNAHUE,
ADC #106911                                                                                      PLAINTIFF

V.                                            5:16CV00144 KGB/JTR

RANDY WATSON, Warden,
Varner Super Max Unit, ADC, et al.                                                   DEFENDANTS

### ORDER

Plaintiff Reginald Dunahue ("Dunahue") has filed this *pro se* § 1983 action alleging that, on or about July 19, 2015, Defendants used excessive force against him, failed to provide him with adequate medical care for his injuries, denied him adequate nutrition, and exposed him to toxic vapors. *Doc. 7.*

There are four non-dispositive Motions pending, which the Court will address separately.

### I. Dunahue's Motion For an Extension of Time

On October 23, 2017, Dunahue filed a Motion for an Extension of Time to provide a service address for Defendant Sergeant Sedrick Foote ("Foote") and Lieutenant John Herrington ("Herrington"), both of whom no longer work for the Arkansas Department of Correction. *Doc. 31.* The Motion is denied, as moot,

because: (1) the Court has not imposed a deadline for Dunahue to provide service information for either Defendant; (2) on October 26, 2017, the Court ordered the U.S. Marshal to attempt service on Herrington at his sealed private address; and (3) on November 8, 2017, Foote filed an Answer. *Docs. 37 & 42*.

## II. Defendants' Motion for Partial Summary Judgment

Defendants have filed a Motion for Partial Summary Judgment, a Brief in Support, and a Statement of Facts arguing that some of Dunahue's claims should be dismissed, without prejudice, because he failed to properly exhaust his administrative remedies as to those claims. *Docs. 32, 33, & 34*.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Dunahue's Response should include his legal arguments, as well as affidavits,[1] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Furthermore, pursuant to Local Rule 56.1, Dunahue's Response must be accompanied by a separate document captioned "Statement of Disputed Facts", which specifically identifies: (a) any disagreement he has with the numbered factual assertions in Defendants' Statement of Undisputed

---

[1] The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

Facts[2] *(Doc. 33)*; and (b) any other disputed facts that he believes must be resolved at a hearing or trial.

Finally, if Dunahue intends to rely on documents that have been previously filed in the record, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Plaintiff's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

### III. Defendants' Motion for a Protective Order

Defendants have filed a Motion seeking a Protective Order that stays all discovery until there is final ruling on their pending Motion for Partial Summary Judgment. *Doc. 35*. The Court finds good cause for granting that Motion as to the merits of Dunahue's claims, but *not* as to any documents or information Dunahue may need to properly respond to the pending Motion for Partial Summary Judgment.

Accordingly, the Motion for a Protective Oder is granted, as modified.

---

[2] If Plaintiff disputes any of the facts in Defendants' Statement of Undisputed Facts, he *must identify* each numbered paragraph that contains the facts he disputes *and,* for each paragraph, explain *why* he disputes those facts.

3

Discovery in this case is stayed, with the exception of any documents or information related to Dunahue's attempts to exhaust his administrative remedies regarding the claims raised in this lawsuit. The stay will be lifted, in a separate Order, after a final ruling on Defendants' Motion for Partial Summary Judgment is entered.

### IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Dunahue's Motion for an Extension of Time *(Doc. 31)* is DENIED, AS MOOT.

2. Dunahue has until and including, **thirty days from the entry of this Order,** to file a Response to Defendants' Motion for Partial Summary Judgment and a separate Statement of Disputed Facts that comply with Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions in this Order. Dunahue is advised that the failure to timely and properly do so will result in: (a) all of the facts in Defendants' Statement of Undisputed Facts being deemed admitted by Dunahue, pursuant to Local Rule 56.1(c); and (b) the possible dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

3. Defendants' Motion for a Protective Order *(Doc. 35)* is GRANTED, AS MODIFIED IN THIS ORDER.

Dated this 16th day of November, 2017.

                                            */s/ J. Thomas Ray*
                                            UNITED STATES MAGISTRATE JUDGE