IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**REGINALD L. DUNAHUE**                                                                     **PLAINTIFF**
**ADC #106911**

v.                                      Case No. 5:16-cv-00144 KGB/JTR

**RANDY WATSON, Warden,**
**Varner Super Max Unit, ADC,** *et al.*,                                                   **DEFENDANTS**

# ORDER

The Court has reviewed the Recommended Partial Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 92). Plaintiff Reginald Dunahue timely filed objections to the Recommended Partial Disposition (Dkt. No. 95). After careful review of the Recommended Partial Disposition, a *de novo* review of the record, and a review of all of Mr. Dunahue's objections thereto, the Court adopts the Recommended Partial Disposition as its findings in all respects (Dkt. No. 92).

The Recommended Partial Disposition recommends dismissal of Mr. Dunahue's corrective inaction claims against defendants Randy Watson, Christopher Budnik, and Jeremy Andrews for failure to exhaust those claims (Dkt. No. 92, 15-16). The Recommended Partial Disposition also recommends dismissal of Mr. Dunahue's claim that defendant James Plummer failed to remove chemical residue from Mr. Dunahue's cell (*Id.*, at 31). Mr. Dunahue objects to the Recommended Partial Disposition on various grounds. He objects that "prison administrators" may be held liable for the actions of their employees and that he put Mr. Watson "on notice of excessive or improper uses of force and/or mace by officers under his watch . . . ." (Dkt. No. 95, at 4). Mr. Dunahue also argues that, by filing multiple grievances, he "put the defendants on notice of officers' unconstitutional practices at Varner." (*Id.*).

As discussed in more depth in the Recommended Partial Disposition, Mr. Dunahue's operative complaint alleges claims arising out of an incident that occurred on July 19, 2015. The record evidence contains six grievances that refer to the July 19, 2015, incident (*see* Dkt. Nos. 4, at 154-56; 33-3, at 1-12). With one exception, none of these grievances specifically alleged wrongdoing by Mr. Watson, Mr. Budnik, or Mr. Andrews. While it is true that Grievance VSM 15-03419 named Mr. Watson, this grievance did not assert that Mr. Watson took or failed to take any action, but rather the grievance requested that Mr. Watson transfer Mr. Dunahue (*see* Dkt. No. 33-3, at 9). Finally, while Mr. Watson responded to many of Mr. Dunahue's grievances, the Eighth Circuit Court of Appeals has ruled that "the reader" or "decision maker" of a grievance is not a party to the "grieved incident." *Champion v. Akins*, 498 Fed. App'x 670, 670 (8th Cir. 2013) (unpublished). Accordingly, because Mr. Dunahue did not exhaust the claims he made in his operative complaint against Mr. Watson, Mr. Budnik, and Mr. Andrews, the Court dismisses without prejudice all of Mr. Dunahue's claims against Mr. Watson, Mr. Budnick, and Mr. Andrews.

Furthermore, upon review of the record, the Court finds that Mr. Dunahue failed to exhaust his claims that Mr. Plummer violated his constitutional rights by refusing to remove chemical residue from his cell. In his operative complaint, Mr. Dunahue alleges that Mr. Plummer "refused to power wash the riot control gas and mace from the cell walls and bars of the cell I was in . . . on 7-19-2015." (Dkt. No. 7, at 11). While Grievances VSM 15-03210 and VSM 15-03168 both referred to Mr. Plummer in reference to this incident, neither of these grievances contain allegations that Mr. Plummer refused to have Mr. Dunahue's cell cleaned (*see* Dkt. No. 33-3, at 1-2, 4-5). Accordingly, for failure to exhaust administrative remedies, the Court dismisses without

prejudice Mr. Dunahue's claims against Mr. Plummer arising from Mr. Plummer's alleged failure to remove chemicals from Mr. Dunahue's cell.

Additionally, the Court finds that Mr. Dunahue exhausted his claims that Mr. Plummer, defendant Sedrick Foote, and defendant John Herrington "hog-tied" him. Accordingly, Mr. Dunahue may proceed with his claims arising out of this alleged incident.

It is therefore ordered that:

1. The Court grants in part and denies in part defendants' motion for partial summary judgment (Dkt. No. 32).

2. The Court dismisses without prejudice all of Mr. Dunahue's claims against Mr. Watson, Mr. Budnik, and Mr. Andrews.

3. The Court dismisses without prejudice Mr. Dunahue's claims against Mr. Plummer arising from Mr. Plummer's alleged refusal to remove chemical residue from Mr. Dunahue's cell.

4. The Court finds that Mr. Dunahue exhausted his claims that Mr. Plummer, Mr. Foote, and Mr. Herrington allegedly "hog-tied" him and that Mr. Dunahue may proceed with these claims.

5. The Court also finds that Mr. Dunahue may proceed with his claims for excessive use of force, inadequate medical care, and inhumane conditions of confinement against Mr. Plummer, Mr. Herrington, Mr. Malone, and Mr. Foote as identified in the Court's January 23, 2018, Order (Dkt. No. 57) and to the extent those claims have been limited by this Order.

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered this the 17th day of September, 2018.

_____
Kristine G. Baker
United States District Judge