IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**REGINALD L. DUNAHUE**                                                                                                **PLAINTIFF**
ADC #106911

v.                          Case No. 5:16-cv-00144 KGB/JTR

**JAMES PLUMMER,** *et al.*,                                                         **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 126). Plaintiff Reginald L. Dunahue filed objections to the Recommended Disposition (Dkt. No. 127). After careful consideration of the Recommended Disposition, the objections, and a *de novo* review of the record, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 126). As a result, the Court grants summary judgment in favor of defendants on Mr. Dunahue's remaining claims and dismisses with prejudice this case. The Court therefore denies as moot Mr. Dunahue's motion for an evidentiary hearing and for the appointment of counsel (Dkt. No. 128).

Mr. Dunahue filed this action pursuant to 42 U.S.C. § 1983 alleging that: (1) defendants Lieutenant John Herrington ("Lt. Herrington"), Lieutenant James Plummer ("Lt. Plummer"), and Sergeant Sedrick Foote ("Sgt. Foote") used excessive force on July 19, 2015, when they sprayed him with mace, "smoke bombed" his isolation cell, and hog-tied him; (2) defendant Major Lasaundra Malone ("Maj. Malone") authorized that use of force; (3) Lt. Herrington, Lt. Plummer, and Sgt. Foote refused to provide him with medical care for the injuries he sustained during the July 19, 2015, use of force; (4) Lt. Herrington, Lt. Plummer, Sgt. Foote, and Maj. Malone subjected him to inhumane conditions of confinement by failing to provide him with adequate nutrition for the seven days he was being punished for his role in the July 19, 2015, incident; (5) Lt. Herrington,

Lt. Plummer, and Sgt. Foote refused to remove the chemical residue from his cell; and (6) defendants Warden Randy Watson ("Warden Watson"), Deputy Warden Jeremy Andrews ("Deputy Warden Andrews"), and Deputy Warden Christopher Budnik ("Deputy Warden Budnik") knew about these constitutional violations but failed to take corrective action (Dkt. No. 7). On January 23, 2018, this Court allowed Mr. Dunahue to proceed with his excessive force claim against defendants Lt. Herrington, Lt. Plummer, Sgt. Foote, and Maj. Malone; inadequate medical care claim against defendants Lt. Herrington, Lt. Plummer, and Sgt. Foote; and inhumane conditions of confinement claims against Warden Watson, Deputy Warden Andrews, Deputy Warden Budnik, Lt. Herrington, Lt. Plummer, Sgt. Foote, and Maj. Malone (Dkt. No. 57). On September 17, 2018, the Court held that Mr. Dunahue failed to exhaust his corrective inaction claims against Warden Watson, Deputy Warden Andrews, and Deputy Warden Budnik, and the Court dismissed those claims without prejudice (Dkt. No. 101). The Court also concluded that Mr. Dunahue failed to exhaust his claims that Lt. Plummer violated his constitutional rights by refusing to remove chemical residue from Mr. Dunahue's cell and therefore dismissed those claims without prejudice (*Id*.).

The four remaining defendants then moved for summary judgment on Mr. Dunahue's remaining claims (Dkt. No. 110). The Recommended Disposition recommends granting defendants' motion for summary judgment and the dismissal of Mr. Dunahue's remaining claims (Dkt. No. 126). In his objections, Mr. Dunahue argues that the Court should not adopt the Recommended Disposition because there was "[n]o urgent need . . . to seize [his] tooth paste & brush, soap, clothes, shoes, mattress & food on July 19, 2015" (Dkt. No. 127, at 3). He also argues that "[d]efendants went against ADC policy by using force on July 19, 2015[,] for the purpose of seizing items ADC sold to [Mr. Dunahue], and items by law ADC must give an inmate" (*Id*.). Mr.

Dunahue further argues that defendants' actions on July 19, 2015, were "to punish" him (*Id.*, at 8). He also asserts that he was deprived of meals for seven days and that this deprivation "was malicious and not pursuant to policy . . . ." (*Id.*).

As discussed in the Recommended Disposition, Mr. Dunahue's operative complaint alleges claims arising out of an incident that occurred on July 19, 2015. The record evidence contains four video recordings of this incident, which the Court has reviewed (Dkt. No. 113). After reviewing the record evidence, the Court agrees with Judge Ray that no reasonable juror could conclude that defendants violated Mr. Dunahue's constitutional rights. Therefore, Mr. Dunahue's claims against defendants are barred by qualified immunity. *See Pearson v. Callahan*, 555 U.S 223, 232 (2009) (holding that plaintiff must establish a violation of a constitutional or statutory right in order to overcome qualified immunity).

As to Mr. Dunahue's excessive force claims, the undisputed record evidence indicates that Mr. Dunahue flooded his cell and then refused to be restrained in order to leave his cell. The undisputed record evidence also shows that Mr. Dunahue refused when Lt. Herrington asked for his compliance, and then Lt. Herrington used a limited amount of pepper spray and tear gas in order to force Mr. Dunahue to accept restraints. Even viewing the record evidence in the light most favorable to Mr. Dunahue, the Court concludes that no reasonable juror could conclude that defendants used excessive force against Mr. Dunahue when they removed him from his cell or at any point afterwards during this incident.

The Court also concludes that, reviewing the record evidence in the light most favorable to Mr. Dunahue, no reasonable juror could conclude that defendants were deliberately indifferent to Mr. Dunahue's health and safety with regard to the manner in which he was decontaminated in the shower. The undisputed record evidence shows that Mr. Dunahue was provided a shower

promptly after being exposed to pepper spray and tear gas. At no point immediately after that shower, as shown on the video recording, did Mr. Dunahue complain about the sufficiency of the shower. Whether Mr. Dunahue was in handcuffs during that shower does not create a disputed genuine issue of material fact that is outcome determinative, as there is no record evidence that suggests that the shower was insufficient to decontaminate him, regardless of whether he was handcuffed. The defendants presented sufficient record evidence to shift the burden to Mr. Dunahue, at which point Federal Rule of Civil Procedure 56 requires him to "discard the shielding cloak of formal allegations and meet proof with proof" as to his deliberate indifference claim. *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne*, 11 S.W.3d 531, 536 (Ark. 2000)). Mr. Dunahue has presented no additional proof to rebut the video evidence presented by defendants. Accordingly, as Mr. Dunahue has failed to meet proof with proof, the Court grants summary judgment as a matter of law to defendants on Mr. Dunahue's deliberate indifference claim arising out of allegations regarding his decontamination shower.

Similarly, the Court concludes that there are no disputed genuine issues of material fact with respect to Mr. Dunahue's claim that he received inadequate medical care after he was exposed to pepper spray and tear gas. In *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), the Court held that a prison official is "deliberately indifferent" if the official "knows of and disregards an excessive risk of serious harm to inmate health or safety." In *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016), the Court explained that "the deliberate indifference standard [articulated in *Farmer*] has both objective and subjective prongs," which require a prisoner to prove that: (1) "he suffered from an objectively serious medical need [the objective prong]"; and (2) the defendants "actually knew of but deliberately disregarded [the prisoner's] serious medical need [the subjective prong]"

4

(citations omitted). Defendants have presented medical records which indicate that Mr. Dunahue was seen immediately after the incident by a nurse and that the nurse found that all of his vital signs were normal (Dkt. No. 110-2, at 10). Mr. Dunahue argues that he did not see medical professionals on July 19, 2015, and that defendants falsified the medical record (Dkt. No. 110-10, at 54). Mr. Dunahue did, however, testify that "when medical personnel came down, they were not able to analyze [him] or examine [him] because by [him] being placed in a shower like that, they couldn't enter the shower." (*Id.*). He clarified that he "visually saw medical professionals, but [he] was not able to be tended to by medical professionals." (*Id.*, at 55). Mr. Dunahue has presented no record evidence to dispute the medical records documenting additional treatment he received in the weeks following this event; those records include no complaints of medical problems related to his alleged exposure to pepper spray and tear gas on July 19, 2015 (Dkt. No. 110-3, at 5-7). There is no dispute that a medical professional was present immediately following Mr. Dunahue's extraction from his cell. Further, there is no record evidence that defendants actually knew that Mr. Dunahue suffered from a serious medical need after this event and were deliberately indifferent to it. Therefore, the Court concludes that defendants are entitled to summary judgment on Mr. Dunahue's claim that defendants were deliberately indifferent to his need for medical care following his removal from his cell.

The Court also agrees with Judge Ray that defendants are entitled to summary judgment on Mr. Dunahue's claim that they were deliberately indifferent to the decontamination of his cell. The video evidence shows that, when Mr. Dunahue was removed from his cell, the floor was flooded with water. The video evidence also shows that, when he was returned to his cell, there was no longer water in his cell. The video evidence shows a cleaning cart outside of the cell, as well as a mop and mop bucket. Furthermore, the orange substance on the cell bars—presumably

5

pepper spray—is no longer visible in the video that shows Mr. Dunahue returned to his cell. Additionally, when Mr. Dunahue is returned to his cell, no one inside of the cell coughs, sneezes, or otherwise reacts in a way that suggests that chemical residue remains in the cell. Further, the audio from the video indicates that, after Mr. Dunahue is returned to his cell and the cuffs are removed, the sink in Mr. Dunahue's cell was working, providing Mr. Dunahue with another method to remove any remaining chemical residue. Viewing all of this record evidence in the light most favorable to Mr. Dunahue, the Court concludes that no reasonable juror could conclude that defendants acted with deliberate indifference by returning Mr. Dunahue to his cell and by refusing him a second decontamination shower.

The Court also agrees with Judge Ray that defendants are entitled to summary judgment on Mr. Dunahue's conditions of confinement claim based upon inadequate nutrition. The undisputed record evidence shows that Mr. Dunahue has suffered no physical injury due to receiving "nutritional loaves" while incarcerated. The Eighth Circuit has held that food which causes cramps, nausea, and constipation does not raise constitutional issues. *Brown-El v. Delo*, 969 F.2d 644, 646, 648 (8th Cir. 1992). Thus, taking this evidence in the light most favorable to Mr. Dunahue, the Court concludes that no reasonable juror could conclude that his constitutional rights were violated by being provided nutritional loaves while incarcerated.

Finally, the Court denies as moot Mr. Dunahue's motion for an evidentiary hearing and for the appointment of counsel (Dkt. No. 128). Mr. Dunahue's motion comes in response to Judge Ray's Recommended Disposition (*Id.*). Given the Court's adoption of the Recommended Disposition in its entirety as the Court's findings in all respects, the Court's grant of Lt. Herrington, Lt. Plummer, Sgt. Foote, and Maj. Malone's motion for summary judgment, and the Court's dismissal with prejudice of Mr. Dunahue's remaining claims against these defendants, Mr.

Dunahue's motion for an evidentiary hearing and for the appointment of counsel is mooted. As a result, the Court denies this motion.

It is therefore ordered that:

1. The Court adopts the Recommended Disposition in its entirety as the Court's findings in all respects (Dkt. No. 126);

2. The Court grants Lt. Herrington, Lt. Plummer, Sgt. Foote, and Maj. Malone's motion for summary judgment and dismisses with prejudice Mr. Dunahue's remaining claims against Lt. Herrington, Lt. Plummer, Sgt. Foote, and Maj. Malone (Dkt. No. 110);

3. The Court denies as moot Mr. Dunahue's motion for an evidentiary hearing and for the appointment of counsel (Dkt. No. 128).

4. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal of this Order and an accompanying Judgment would not be taken in good faith.

So ordered this the 12th day of September 2019.

Kristine G. Baker
United States District Judge